FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2009 JUN 18 PM 3:52

CLERK
FOR THE ... COURT
... DISTRICT
OF INDIANA

| | |
|---|---|
| RALPH W. LACOTTA, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. |
| PATRICIA D. BALLOCK and SCOTT BALLOCK, | ) 2 09 CV - 173 |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff, Ralph W. Lacotta, by counsel, Patrick Devine of Hinshaw & Culbertson LLP, and for his complaint against the Defendants, states as follows:

1. Plaintiff, Ralph W. Lacotta, is a natural person and a United States citizen who currently resides at 766 North Fremont Road, Valparaiso, Indiana 46385.

2. Defendant, Patricia D. Ballock, is a natural person and a United States citizen who currently resides at 1143 Barkley Lane, Birmingham, Alabama 35242. Patricia D. Ballock is Plaintiff's daughter.

3. Defendant, Scott Ballock is a natural person and a United States citizen who currently resides at 1654 Abigail Way, Ann Arbor, Michigan 48103. Scott Ballock is Plaintiff's grandson and Patricia D. Ballock's son.

4. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332, in that the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and no/100 ($75,000.00) exclusive of interest and costs.

5. Venue lies in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

6. Plaintiff owned the following accounts at Fifth Third Bank:

   a. Account #8100735280 titled jointly with Patricia D. Ballock;

   b. Account #3121048595 titled jointly with Patricia D. Ballock;

   c. Account 7236034976 titled jointly with Patricia D. Ballock and Scott Ballock (collectively, "Fifth Third Accounts")

7. Plaintiff owned a Centier Bank Certificate of Deposit #11164763 in his name only and a Centier Bank checking account #1164763 in his name only. (collectively, "Centier Accounts").

8. Defendants did not contribute any funds to the Fifth Third Bank Accounts or the Centier Accounts.

9. On June 27, 2006, Plaintiff executed a General Power of Attorney, which was effective upon signing, appointing Patricia D. Ballock as his Attorney-in-Fact. A copy of said General Power of Attorney is attached as Exhibit A.

10. On March 28, 2009, Plaintiff revoked the General Power of Attorney. A copy of the revocation is attached hereto as Exhibit B.

## COUNT I

### (Conversion)

11. Plaintiff incorporates by reference paragraphs 1-10 of his Complaint for paragraphs 1-10 of this Count I.

12. On August 7, 2008, Patricia D. Ballock closed Plaintiff's Fifth Third Account #3121048595 and deposited the balance of the account, $100,241.94, into an account at Fifth Third Bank ending in #5387 titled in the name of Patricia D. Ballock and Scott Ballock.

13.     On August 7, 2008, Patricia D. Ballock transferred the sum of $35,000.00 from Plaintiff's Fifth Third Account #8100735280, and deposited it into an account at Fifth Third Bank ending in #5387 titled in the name of Patricia D. Ballock and Scott Ballock.

14.     On August 8, 2008, Patricia D. Ballock withdrew the sum of $79,887.90 from Plaintiff's Centier Account #11164763.

15.     On February 17, 2009, Patricia Ballock withdrew the sum of $50,000.00 from Plaintiff's Fifth Third Account #7236034976 and deposited it into an account at Fifth Third Bank ending in #5387 titled in the name of Patricia D. Ballock and Scott Ballock.

16.     Defendant Patricia D. Ballock wrote the following checks from Plaintiff's Centier Account #11164763:

- check #153 in the amount of $12,000.00 to Caroline Pluscht.
- check #154 in the amount of $12,000.00 to Julian Pluscht.
- check #155 in the amount of $12,000.00 to Ellen Ballock.
- check #157 in the amount of $12,000.00 to Summer Ballock.
- check #158 in the amount of $12,000.00 to Patrick Pluscht.
- check #151 in the amount of $12,000.00 to Lydia Pluscht.

The total amount equals $72,000.00.

17.     Defendant Patricia D. Ballock wrote the following checks from Plaintiff's Fifth Third Account #8100735280:

- check #617 in the amount of $12,000.00 to Scott Ballock.
- check #618 in the amount of $12,000.00 to Tommy Ballock.
- check #619 in the amount of $12,000.00 to Christine Pluscht.

18.     Under I.C. § 32-17-11-17, during the lifetime of parties, the ownership of a joint account is in proportion to the contributions made by each party to the sums on deposit.

19.     Neither Patricia D. Ballock or Scott Ballock contributed any funds to Plaintiff's Fifth Third Accounts or Centier Bank Accounts. Plaintiff was the sold contributor to the Fifth Third Accounts and the Centier Bank Accounts.

20. Defendants have knowingly and intentionally exerted unauthorized control over Plaintiff's Fifth Third Bank Accounts and Centier Bank Accounts.

21. Defendants have deprived Plaintiff of his property.

22. Plaintiff has demanded return of his property and Patricia D. Ballock has refused to return Plaintiff's property to him.

23. Defendants have been unjustly enriched by the retention of, and refusal to return, Plaintiff's property.

24. Defendants have acted unlawfully, and in bad faith by their retention of, and refusal to return, Plaintiff's property.

25. Defendants' wrongful retention of, and refusal to return, Plaintiff's property amounts to conversion of Plaintiff's property under I.C. § 35-43-4-3.

26. Defendants' wrongful retention of, and refusal to return, Plaintiff's property amounts to conversion of Plaintiff's property, and Plaintiff is entitled to treble damages, plus costs and attorney fees under the Indiana Criminal Victims' Compensation Act (I.C. § 34-24-3, et seq.)

27. Based on the foregoing, Plaintiff seeks recovery of $373,129.84 from Defendants, plus any other property that was taken from Plaintiff that may be revealed through the course of discovery in this action, along with the costs of this action, attorneys fees, pre-judgment interest, treble damages and all other relief as the Court deems appropriate.

WHEREFORE, Plaintiff, Ralph W. Lacotta, by counsel, Patrick Devine of Hinshaw & Culbertson LLP, prays for judgment against the Defendants in the amount of $373,129.84, plus the costs of this action, attorneys fees, prejudgment statutory interest, treble damages and for all other relief as the Court deems appropriate.

## COUNT II

### (Breach of Fiduciary Duty)

28. Plaintiff incorporates by reference paragraphs 1-27 of his Complaint for paragraphs 1-27 of this Count II.

29. Defendant, Patricia D. Ballock was Plaintiff's Attorney-in-Fact, under I.C. § 30-5, et seq., from June 27, 2006 until Plaintiff revoked the appointment on March 28, 2009.

30. As Plaintiff's Attorney-in-Fact, under I.C. § 30-5-6-2, Patricia D. Ballock was under the obligation to use due care to act for the benefit of the Plaintiff.

31. Patricia D. Ballock made nine (9) gifts of $12,000.00 each (totaling $108,000.00) (collectively "Gifts") from Plaintiff's Fifth Third Accounts and Centier Accounts to her family members in May, 2008.

32. The Gifts were not made to further the best interests of Plaintiff nor did they benefit Plaintiff in any way. The gifts were not made to minimize income, estate, inheritance or gift taxes as Plaintiff's assets do not warrant tax planning.

33. The Gifts will subject Plaintiff to the transfer penalty if he is in need of Medicaid assistance within the next five (5) years. As a result of the $108,000.00 in gifts, Plaintiff will be ineligible for Medicaid coverage for an extended amount of time which will jeopardize his health, welfare and livelihood.

34. Patricia D. Ballock made the Gifts with the intent to deprive Plaintiff of his funds.

35. At the time the Gifts were made, May, 2008, Plaintiff was residing in the Life Care Center of The Willows which is a skilled care facility. It was evident that Plaintiff was going to indefinitely need medical care and everyday assistance and would need the funds to pay for his care. Nonetheless, Patricia D. Ballock made the Gifts.

36.     Plaintiff did not authorize Patricia D. Ballock to make the Gifts.

37.     Patricia D. Ballock breached her fiduciary duties to Plaintiff by making the nine (9) $12,000.00 gifts. As a direct result of Patricia D. Ballock's breach, she has deprived Plaintiff of $108,000.00 that could have been used for his care and has now put Plaintiff's health, wellbeing and safety in jeopardy.

38.     Further, Patricia D. Ballock withdrew the sum of $79,887.90 from Plaintiff's Centier Account #11164763 as Plaintiff's Attorney-in-Fact. These funds are not in Plaintiff's possession nor are they on deposit under Plaintiff's name or social security number at Firth Third Bank or Centier Bank.

39.     Patricia D. Ballock has acted in wanton disregard of Plaintiff's rights, interests and well being and has acted maliciously to punish Plaintiff for his decision to transfer his residence to his grandson, Jason Kennedy.

WHEREFORE, Plaintiff, Ralph W. Lacotta, by counsel, Patrick Devine of Hinshaw & Culbertson LLP, prays for judgment against Patricia D. Ballock in the amount of $187,887.90 plus costs of this action, attorneys fees, prejudgment statutory interest, punitive damages and for all other relief as the Court deems appropriate.

## COUNT III

### (Unjust enrichment)

40.     Plaintiff incorporates by reference paragraphs 1-39 of his Complaint for paragraphs 1-39 of this Count III.

41.     On August 7, 2008, Defendant Patricia D. Ballock closed Plaintiff's Fifth Third Account #3121048595 and deposited the balance of the account, $100,241.94, into an account at Fifth Third Bank ending in #5387 titled in the name of Patricia D. Ballock and Scott Ballock.

42. On August 7, 2008, Defendant Patricia D. Ballock transferred the sum of $35,000.00 from Plaintiff's Fifth Third Account #8100735280, and deposited it into an account at Fifth Third Bank ending in #5387 titled in the name of Patricia D. Ballock and Scott Ballock.

43. On August 8, 2008, Defendant Patricia D. Ballock withdrew the sum of $79,887.90 from Plaintiff's Centier Account #11164763.

44. On February 17, 2009, Defendant Patricia D. Ballock withdrew the sum of $50,000.00 from Plaintiff's Firth Third Account #7236034976 and deposited it into an account at Fifth Third Bank ending in #5387 titled in the name of Patricia D. Ballock and Scott Ballock.

45. Defendants have been unjustly enriched by Patricia D. Ballock's withdrawal and retention of Plaintiff's funds.

46. Equity demands that Defendants should return the funds taken from Plaintiff.

WHEREFORE, Plaintiff, RALPH W. LACOTTA, by counsel, Patrick Devine of Hinshaw & Culbertson LLP, prays for judgment against Defendants in the amount of $265,129.84, plus prejudgment statutory interest and for all other relief which is just and proper in the premises.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: _____
Patrick P. Devine (19075-45)
Attorney for Plaintiff Ralph W. Lacotta
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
219-864-5051

## JURY DEMAND

NOW COMES the Plaintiff, RALPH W. LACOTTA, by counsel, and demands trial by jury.

                Respectfully submitted,

                HINSHAW & CULBERTSON LLP

By: _____

Patrick P. Devine (19075-45)
Attorney for Plaintiff Ralph W. Lacotta
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
219-864-5051